**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 99-4912

ETHAN JEROME MOORE, a/k/a Nate,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Huntington.
Charles H. Haden II, Chief District Judge.
(CR-99-90)

Submitted: August 29, 2000

Decided: September 12, 2000

Before WIDENER, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Hunt L. Charach, Federal Public Defender, Edward H. Weis, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Rebecca A. Betts, United States Attorney, Ray M. Shepard, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Ethan Jerome Moore appeals his conviction entered on his guilty plea to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g) (1994). Moore was indicted after he broke into his estranged wife's residence, stole a revolver, and embarked on a violent spree that left two people with gunshot wounds to the head and ended only after the arresting officer fired on and wounded Moore a number of times. On appeal, Moore challenges the district court's application of the Sentencing Guidelines to his conduct, suggesting that he lacked the requisite intent to be sentenced using the base Offense Level for attempted murder. See USSG§ 2A1.2; see also § 2K2.1(c). Moore also contends that the district court erred in declining to grant him a reduction in Offense Level based on his acceptance of responsibility. See USSG § 3E1.1. Finding no merit to either of Moore's contentions on appeal, we affirm Moore's conviction and sentence.

The district court's classification of Moore's conduct as attempted murder is a mixed question of law and fact which is accorded due deference on appeal. See United States v. Bostic , 168 F.3d 718, 724 (4th Cir.), cert. denied, 527 U.S. 1029 (1999). In light of that standard and Moore's repeated statements that he intended to kill his estranged wife and her family, we have no difficulty concluding that the district court did not commit reversible error in adopting the recommendation of the probation officer and sentencing Moore using the base Offense Level for attempted murder. Similarly, because "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility," the Guidelines provide that"the determination of the sentencing judge is entitled to great deference on review." USSG § 3E1.1, comment. (n.5); see United States v. Castner, 50 F.3d 1267, 1279 (4th Cir. 1995). Affording the district court the proper deference, we conclude that Moore's unrepentant statements and conduct

2

following his arrest combined with his failure at any juncture to admit all of the conduct of his offense provided the district court with ample reason to decline to award Moore a reduction in Offense Level for acceptance of responsibility. See United States v. Gordon, 895 F.2d 932, 936 (4th Cir. 1990).

Finding no merit to either of Moore's contentions on appeal, we affirm Moore's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED